IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**TOMMY ALEXANDER, Sr.,**     :
                           :
    **Petitioner**    :     CIVIL NO. 1:CV-08-0226
                           :
v.                            :     (Judge Rambo)
                           :
**Warden TROY WILLIAMSON,**   :
                           :
    **Respondent**   :

## <u>MEMORANDUM</u>

On February 5, 2008, Petitioner Tommy Alexander, Sr., an inmate currently confined at the United States Penitentiary at Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, filed a *pro se* petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241.  By order dated April 1, 2008, this court dismissed the petition because Alexander failed to demonstrate that 28 U.S.C. § 2255 provides an inadequate or ineffective remedy to challenge the validity of his conviction.

Presently before the court is Alexander's motion for reconsideration.  (Doc. 5.) The motion was filed on May 12, 2008, which was well beyond the ten days afforded to file a motion for reconsideration.  *See* M.D. Pa. L.R. 7.10.[1]  Alexander claims that he did not receive a copy of this court's April 1, 2008 order until April 26, 2008.

---

[1] M.D. Pa. L.R. 7.10 states: Any motion for reconsideration or reargument shall be filed within ten (10) days after the entry of judgment, order or decree concerned."

Assuming *arguendo* that his motion was timely filed, the court will dispose of it on the merits.

I. **Legal Standard**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration should not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## II.   Discussion

Alexander appears to seek reconsideration on the basis that he did not provide sufficient information in his petition, and thus the court erred in dismissing it. Specifically, Alexander addresses the court's observation in its April 1, 2008 order that, although he claimed in his petition that "new information" had become available that would allow him to seek relief pursuant to 28 U.S.C. § 2241, he did not state what the "new information" is or explain why he would be entitled to present it through a § 2241 petition. (*See* Doc. 4 at 5.)

In his instant motion, Alexander states that the "new evidence" that has become available is "highly exculpatory evidence" consisting of "scientific proof" that the audiotapes the government relied on to secure his conviction were "doctored, reproduced and fabricated." (*See* Doc. 5 at 1-2.) It appears from the exhibits to his petition that the "scientific proof" he refers to is an analysis of the audiotapes that was performed by a forensic scientist in 1996. (*See* Doc. 2-1 at 36.) Alexander does not claim that the audiotapes were withheld from him prior to his trial. Moreover, he did not demonstrate that there was a basis for him to seek a writ of habeas corpus here based upon the forensic analysis of the audiotapes post-trial. The remainder of Alexander's motion for reconsideration restates portions of the argument he set forth

in his petition.  Having considered the standard applicable to motions for reconsideration, the court concludes that Alexander has not demonstrated any of the applicable grounds for this court to reconsider its decision to dismiss his petition. Accordingly, his motion for reconsideration will be denied.

      An appropriate order follows.

                          s/Sylvia H. Rambo
                          SYLVIA H. RAMBO
                          United States District Judge

Dated: June 12, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TOMMY ALEXANDER, Sr.,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-08-0226** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **Warden TROY WILLIAMSON,** | : | |
| | : | |
| Respondent | : | |

## **ORDER**

**AND NOW**, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. 5) is **DENIED**.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: June 12, 2008.